**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

**SCOTT DOUGLAS WILLIAMSON,**

**Plaintiff**

**v.**

**MURPHY ELEVATOR COMPANY, INC.**

**Defendant.**

**Case No.** 3:17-cv-02385
**(Civil Action No: 17-C-034**
**Removed from the Circuit Court**
**of Wayne County, West Virginia)**

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**COMES NOW** Defendant, Murphy Elevator Company, Inc., by counsel, Chanin W. Krivonyak, Linnsey M. Amores, and the Law Offices of Chanin W. Krivonyak, Employees of The Hartford Financial Service Group, Inc., and for its Answer to Plaintiff's Complaint, states as follows:

**First Defense**

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted, pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**Second Defense**

This Defendant asserts the defenses of statute of limitations, comparative negligence, contributory negligence, assumption of the risk, failure to mitigate damages, estoppel, laches, and hereby preserves each and every defense set forth in Rules 8, 9 and 12 of the *Federal Rules of Civil Procedure* and further reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

**Third Defense**

This Defendant asserts that the injuries and damages, if any, about which Plaintiff complains were a proximate result of the negligence of Plaintiff and were not caused by the negligence of this Defendant.

**Fourth Defense**

This Defendant asserts that the injuries and damages, if any, of which Plaintiff complains were not caused by any acts and/or omissions of this Defendant, but by intervening acts and/or omissions by other persons over which this Defendant had no control.

**Fifth Defense**

If this Defendant were negligent, and this Defendant expressly denies that it was negligent in any respect whatever, Plaintiff, in the exercise of ordinary care for his own safety, could and should have avoided the consequences of any such negligence on the part of this Defendant, as the alleged unsafe conditions were open and obvious to Plaintiff.

**Sixth Defense**

This Defendant asserts the defenses of comparative fault and contributory negligence. The damages to Plaintiff was the fault of Plaintiff, and were not caused by any negligence on the part of this Defendant.

**Seventh Defense**

At all times concerning the occurrence giving rise to this action, Plaintiff was not in the exercise of ordinary care for his own safety; therefore, Plaintiff is not entitled to recover anything from this Defendant.

**Eighth Defense**

This Defendant denies that it is liable to Plaintiff in any amount or that Plaintiff is otherwise entitled to the recovery and/or the relief sought from this Defendant in Plaintiff's Complaint.

**Ninth Defense**

This Defendant contests both the severity and causation of Plaintiff's alleged injuries and damages.

**Tenth Defense**

This Defendant reserves the right to file additional affirmative defenses, cross-claims, counterclaims and/or third-party claims if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

**Eleventh Defense**

In response to the specific allegations contained in the Plaintiff's Complaint, this Defendant answers and otherwise responds as follows:

**Jurisdiction and Venue**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 1 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

2. Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant is in the business of providing services for the repair and maintenance of elevators, including those used for industrial or commercial purposes, as alleged in Paragraph 3 of Plaintiff's Complaint.

4. Upon information and belief, Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Upon information and belief, Defendant denies the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

**Background**

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 7 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 8 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 9 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 10 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 11 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

12. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the statements and allegations contained in Paragraph 12 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 13 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 14 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 15 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 16 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 17 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 18 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

**Count I. Res Ipsa Loquitur**

19. Answering paragraph 19 of the Complaint, Defendant reasserts and incorporates its responses to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Upon information and belief, Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 21 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint, and demands strict proof thereof.

23. Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint, and demands strict proof thereof.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint, and demands strict proof thereof.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 25 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint, and demands strict proof thereof.

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint, and demands strict proof thereof.

**Count II. Violation of Elevator Safety Act**

28. Answering paragraph 28 of the Complaint, Defendant reasserts and incorporates its responses to paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. Upon information and belief, Defendant admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Upon information and belief, Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Paragraph 31 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

32. Paragraph 32 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

33. Paragraph 33 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 34 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

35. Paragraph 35 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

36. Paragraph 36 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

37. Paragraph 37 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

38. Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint, and demands strict proof thereof.

39. Defendant denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint, and demands strict proof thereof.

40. Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint, and demands strict proof thereof.

41. Answering paragraph 41 of the Complaint, Defendant reasserts and incorporates its responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Paragraph 42 sets forth legal conclusions and questions of law to which no response is required. To the extent a response is required, Defendant admits the same.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 43 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 44 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

45. Defendant denies the allegations contained in Paragraph 45 of the Plaintiff's Complaint, and demands strict proof thereof.

46. Defendant denies the allegations contained in Paragraph 46 of the Plaintiff's Complaint, and demands strict proof thereof.

47. Defendant denies the allegations contained in Paragraph 47 of the Plaintiff's Complaint, and demands strict proof thereof.

48. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the statements and allegations contained in Paragraph 48 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and allegations contained in Paragraph 49 of the Plaintiff's Complaint, and therefore denies the same and demand strict proof thereof.

50. Defendant denies the allegations contained in Paragraph 50 of the Plaintiff's Complaint, and demands strict proof thereof.

51. Defendant denies the allegations contained in Paragraph 51 of the Plaintiff's Complaint, and demands strict proof thereof.

52. Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph of the Plaintiff's Complaint.

All other allegations contained in Plaintiff's Complaint not heretofore or otherwise responded to are hereby denied by this Defendant.

In further answer to the Plaintiff's Complaint, this Defendant states that it is not liable to Plaintiff in the amount sued for, or for any sum whatsoever.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant, prays that this Court render judgment in its favor by dismissing Plaintiff's Complaint, and prays for any and all further relief this Court sees fit to grant.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

**MURPHY ELEVATOR COMPANY, INC.**
By Counsel,

s/ Linnsey M. Amores
CHANIN W. KRIVONYAK (WVSB #7247)
LINNSEY M. AMORES (WVSB #11310)

***Law Offices of Chanin W. Krivonyak***
Employees of a Subsidiary of The Hartford Financial Services Group, Inc.
United Center
500 Virginia Street East, Suite 910
Charleston, WV 25301
Telephone: (681) 945-6280
Facsimile: (855) 607-3778

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

**SCOTT DOUGLAS WILLIAMSON,**

**Plaintiff**

**v.**

**MURPHY ELEVATOR COMPANY, INC.**

**Defendant.**

**Case No.** 3:17-cv-02385
**(Civil Action No: 17-C-034**
**Removed from the Circuit Court**
**of Wayne County, West Virginia)**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendant, does hereby certify on this 18th day of April, 2017, that a true copy of the foregoing "***Defendant's Answer to Plaintiff's Complaint*** " was served upon opposing counsel by depositing same to them in the U.S. Mail, postage prepaid, sealed in an envelope, and addressed as follows:

Neil R. Bouchillon, Esquire
731 Fifth Avenue
Huntington, WV 25701
*Counsel for Plaintiff*

s/ Linnsey M. Amores
CHANIN W. KRIVONYAK (WVSB #7247)
LINNSEY M. AMORES (WVSB #11310)

***Law Offices of Chanin W. Krivonyak***
Employee of The Hartford Financial Services Group, Inc.
United Center
500 Virginia Street East, Suite 910
Charleston, WV 25301
Telephone: (681) 945-6280
Facsimile: (855) 607-3778